ALEXIS GALINDO (State Bar No. 136643)
  agalindo@cgsattys.com
Maximiliano A. Galindo (State Bar No. 328187)
  mgalindo@cgsattys.com
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:    (562) 624-1178

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ B.<br><br>　　　　Plaintiff,<br>vs.<br><br>CITY OF RIALTO , a public entity;<br>ROGER ZAMUDIO,  and DOES 1<br>through 10, Jointly and Severally,<br><br>　　　　Defendants. | CASE NO:<br><br>COMPLAINT FOR<br><br>**1.  Civil Rights Action (42 U.S.C. § 1983)**<br>**2.  Substantive Due Process (42 U.S.C. § 1983)**<br>**3.  Supervisory Liability (42 U.S.C. § 1983)**<br>**4.  Monell Liability (42 U.S.C. § 1983)**<br>**5.  Sexual Assault** |

## I.

## VENUE AND JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §§ 1983, and Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on

COMPLAINT AND JURY DEMAND                                                                1

29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2.     Venue is proper in the United States District Court for the Central District of California, County of San Bernardino .

## II.

## INTRODUCTION

3.     While employed as a police officer for the CITY OF RIALTO , ROGER ZAMUDIO sexually assaulted Plaintiff during the course of an official call for service to Plaintiff's home, and then later, ROGER ZAMUDIO,  and Does 1 through 5 made contact with Plaintiff and took her to his home and assaulted her at his home.

4.     This civil rights action seeks redress from Defendants ROGER ZAMUDIO and the CITY OF RIALTO  and DOES 1 through 10, for violating Plaintiff's rights under the United States Constitution. Accordingly, this case is in the public interest.

## III.

## PARTIES

5.     At all times relevant hereto, Plaintiff BEATRIZ B.  was a resident of the CITY OF RIALTO , California. Plaintiff is a victim of sexual assault and battery, and therefore her last name is not disclosed in this complaint.

COMPLAINT AND JURY DEMAND                                                                    2

6.     At all times mentioned herein, defendant CITY OF RIALTO  was a public entity duly organized and existing under and by virtue of the laws of the state of California.

7.     At all times relevant herein, ROGER ZAMUDIO and DOES 1 through 5, (hereafter "POLICE OFFICER/POLICEDEPUTIES DEFENDANTS") were residents of the CITY OF RIALTO , and were police officer, sergeants, commanders, detectives, and/or civilian employees, agents and representatives of the CITY OF RIALTO  POLICE DEPARTMENT employees, agents and representatives of the CITY OF RIALTO . At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the RIALTO POLICE DEPARTMENT. At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendants CITY OF RIALTO Police department.

8.     Defendant ROGER ZAMUDIO  Does 1 through 5, is/are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983, and Defendant is sued in his individual capacity for damages only.

9.     The CITY OF RIALTO  has a duty to indemnify ROGER ZAMUDIO  and Does 1 through 5 for his conduct pursuant to Cal.   Govt. Code Section 825, et al.

10. At all times relevant herein, defendant DOES 4 through 5, (hereafter "SUPERVISING OFFICER DEFENDANTS") were residents of the CITY OF RIALTO , and were Police officers, sergeants, detectives, captains, lieutenants, chiefs of police, and/or civilian employees, agents, and representatives of the CITY OF RIALTO POLICE DEPARTMENT. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the CITY OF RIALTO POLICE DEPARTMENT. At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY OF RIALTO , its POLICE DEPARTMENT.

11. At all times relevant herein Defendant DOES 6-10 are those persons within the CITY OF RIALTO POLICE DEPARTMENT charged with the implementation of the "Board of Rights" ("BOR") procedures, all of whom are sued in both their personal and official capacity. Under the rules and regulations of the RIALTO POLICE and the CITY OF RIALTO , DOES 6-10 set the Board of Rights policies and procedures knowing, or willfully ignoring, that this procedure constitutes nothing more than an opportunity for CITY OF RIALTO Police officers deemed guilty of misconduct by the department to appeal to a favorable arbitration body that will exonerate them despite overwhelming evidence of guilt. Furthermore, these

defendants instituted, or allowed, and continue to allow, to exist, policies and procedures that punished Rialto Police Officers for coming forward regarding allegations of corruption while at the same time covering the corruption within the ranks of the RIALTO POLICE DEPARTMENT by exonerating those officers accused of misconduct no matter the strength of the evidence of their guilt. Through their actions and inactions, these defendants adopted, ratified, and institutionalized patterns and practices of misconduct as those officers coming before them knew that they would be exonerated no matter what their misconduct and the strength of the evidence against them.

12.    PLAINTIFF is ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

13.    At all times relevant herein, SUPERVISORY OFFICER DEFENDANTS were supervisors and/or policy makers for the CITY OF RIALTO  and the RIALTO SHERIFF, and/or agents with both apparent and actual authority for the CITY OF

COMPLAINT AND JURY DEMAND                                                      5

RIALTO . These Defendants instituted, and knowingly and intentionally assured the continued existence of procedures employed by the RIALTO POLICE that served no purpose but to put a seal of approval on acts of misconduct employed by officers within the ranks of the RIALTO POLICE DEPARTMENT.

**IV.**

**FACTS COMMON TO ALL COUNTS/CAUSES OF ACTION**

14.     Based on information and belief, Plaintiff alleges that on August 11, 2024,  at approximately 11:00 a.m. the Rialto Police Department responded to a call at the residence of Guadalupe Burgos Montoya located at Rialto, CA.

15.     Rialto Police Officer Roger Zamudio was the officer dispatched to the scene. Plaintiff Beatriz B. was taken in Officer Roger Zamudio's patrol vehicle to the Rialto Police Station (128 N. Willow Avenue, Rialto, CA). Plaintiff was held at the Rialto Police Station for a short period of time. Thereafter, Officer Zamudio took Plaintiff to the West Valley Detention Center (9500 Etiwanda Avenue, Rancho Cucamonga, CA) for booking.

16.     During the time Plaintiff was in Officer Zamudio's police vehicle, he used his color of authority to force and otherwise coerce Plaintiff to give him her cellphone. Officer Zamudio took Plaintiff's phone, put his phone number in her phone, and ordered her to call Officer Zamudio's number once she was released from West Valley Detention Center.

COMPLAINT AND JURY DEMAND                                                        6

17.     Plaintiff was held at the West Valley Detention Center until approximately 6:00 p.m. Once she was released, she called Officer Zamudio on the number he provided, and he picked her up from the West Valley Detention Center in his patrol vehicle.

18.     Officer Zamudio then drove Plaintiff to a liquor store near his home in Rancho Cucamonga. Officer Zamudio purchased computer cleaner which is used as an inhalant.  Inhaling the fumes from computer cleaning products is a practice known as "huffing" or "dusting," which  is a dangerous form of inhalant abuse that produces a brief euphoric effect but carries a high risk of severe injury or sudden death. These products do not contain air but toxic gases like difluoroethane, which act as central nervous system depressants.   Officer Zamudio gave the inhalant to Plaintiff and ordered her to snort and get high on the fumes of the cleaner.  Plaintiff inhaled the computer cleaner in Officer Zamudio's  car, and Officer Zamudio drove her to his residence in Rancho Cucamonga.

19.     When they arrived at Officer Zamudio's home, Plaintiff was under the influence of the computer cleaner. At that time, Officer Zamudio handed her an envelope containing her bra, which he had taken from her belongings when she was booked at West Valley Detention Center.

20.     Officer Zamudio gave Plaintiff a marijuana edible and ordered her to ingest them which she did.  Officer Zamudio knowing Plaintiff was under the influence of both the computer cleaner and marijuana, he then walked Plaintiff to his bedroom and

COMPLAINT AND JURY DEMAND                                                              7

manipulated and coerced her to take her clothes off and take a shower.  Officer Zamudio keep her at his home under color of authority and keep her there against her free will.

21.    While in the shower, Plaintiff noticed that she was being recorded with a camera while in the shower.  This act was committed against Plaintiff's will and without her consent. Moreover, due to the fact that she was heavily intoxicated at the hands of Officer Zamudio, she would not have had the capacity to consent.

22.     Plaintiff became angry about the recording of her while naked in the shower. Officer Zamudio said he would drive her home. On the ride home, Officer Zamudio stopped at another liquor store in Colton, and purchased more computer cleaner for Plaintiff, using his credit card.

23.    Due to the perceptual disturbance and psychosis Plaintiff was experiencing, Plaintiff believed that she was experiencing an alternate reality.  These heinous acts were performed against Plaintiff's will and without her consent while she was in and out of consciousness.  Plaintiff was prevented from resisting due to her distressed condition, unconscious state or intoxication, and this condition was known, or reasonably should have been known by Police officer ROGER ZAMUDIO at the time of the incident.

24.    The following day Plaintiff called Rialto Police and reported the events to investigators.  Plaintiff was taken to the Rialto Police station where she reported the

events.  Rialto Police denied any liability and stated that Plaintiff was making the story up.

25.    The CITY OF RIALTO  and its employees, including Rialto County Police officer ROGER ZAMUDIO and/or DOES 1-10 violated Plaintiff, NICHOLE O'S, state and federal civil rights and constitutional rights.

26.    BEATRIZ B.  is informed and believes and thereon alleges that the CITY OF RIALTO  and its employees, including DOE 1, in his or her official capacity and Rialto County Police officer ROGER ZAMUDIO either discriminated against BEATRIZ B.  because of her gender or her ethnicity as a Hispanic woman and because of her drug dependency. The CITY OF RIALTO  knowingly and deliberately fostered, maintained, and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as BEATRIZ B.  and that such policy, practice, custom and/or actions were a direct and legal cause of her injuries. The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding officers who have been reported to have sexually assaulted other women.  At the time of the sexual assault inflicted on BEATRIZ B. by Rialto County Police officer ROGER ZAMUDIO, the CITY OF RIALTO POLICE DEPARTMENT had in place, and had ratified, policies, procedures, customs, and practices which permitted their Police officers to unjustifiably,

COMPLAINT AND JURY DEMAND                                                                9

unreasonably, and in violation of the Fourth and Fourteenth Amendments, use violence, force, and intimidation against females being detained or questioned by officers and not responding to the complaints of women, and particularly Hispanic women.  Said policies, procedures, customs, and practices also called for the CITY OF RIALTO  not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of sexual assault by said officers or the related claims and lawsuits resulting from such acts.

27.    Said policies, procedures, customs and practices called for the refusal of the CITY OF RIALTO  to investigate or document complaints of previous incidents of sexual assault and violence and, instead, officially claim that such incidents were justified and proper or completely deny their occurrence.

28.    The CITY OF RIALTO 's policies, procedures, customs and practices of inaction and cover-up encouraged officers of RIALTO POLICE DEPARTMENT, including Rialto County Police officer ROGER ZAMUDIO, to believe that such sexual assaults were permissible, in particular against individuals of minority groups.

29.    The CITY OF RIALTO , and its employees, including RIALTO County police officer ROGER ZAMUDIO, and DOES 1 through 3 violated the Plaintiff's civil rights and constitutional rights including unlawful search and seizure.

COMPLAINT AND JURY DEMAND                                                                                            10

30.     The CITY OF RIALTO , and its employees knowingly and deliberately fostered, maintained and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as BEATRIZ B.  and that such policy, practice, custom and/or actions were a direct and legal cause of her injuries. The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding both the use of force, including deadly force, and the proper procedures to be followed in detaining individuals.

31.     At the time of the sexual assault and violence inflicted on BEATRIZ B.   the RIALTO COUNTY Police DEPARTMENT, DOES 1 through 10 had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their Police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, use violence against individuals being detained. Said policies, procedures, customs and practices also called for the CITY OF RIALTO  not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of sexual assault and violent acts by said officers or the related claims and lawsuits resulting from such violence.

32.     Said policies, procedures, customs and practices called for the refusal of the CITY OF RIALTO  to investigate or document complaints of previous incidents of

COMPLAINT AND JURY DEMAND                                                          11

violence and, instead, officially claim that such incidents were justified and proper, or completely deny their occurrence.

33.    PLAINTIFF continues to suffer from the injuries proximately caused by defendants' wrongful, false, and malicious arrest, detention, intimidation and sexual assault of Plaintiff.

## V.

### FIRST COUNT/CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM

### (42 U.S.C. § 1983 4th Amendment)

### UNREASONABLE SEARCHES AND SEIZURES

### [As to ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS

### DOES 1 through 10]

34.    PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

35.    This action is brought pursuant to 42 U.S.C. §1983, and the Fourth Amendment of the United States Constitution.

COMPLAINT AND JURY DEMAND                                                    12

36. At all times relevant hereto, PLAINTIFF possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches, seizures, and uses of force by Police officers acting under the color of law.

37. As described above, ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS DOES 1-10 violated PLAINTIFF'S Fourth Amendment rights by unlawfully and unreasonably detaining, intimidating, and touching PLAINTIFF, including the sexual assault, without reasonable suspicion or probable cause that any crime had occurred.

38. In doing these things, said defendants acted specifically with the intent to deprive PLAINTIFF of her constitutional rights under the Fourth Amendment to be free from unreasonable seizures.

39. Said defendants subjected PLAINTIFF to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of her rights under the U.S. Constitution.

40. Said defendants acted at all times herein knowing full well that the established practices, customs, procedures and policies of the CITY OF RIALTO POLICE DEPARTMENT would allow a cover-up and allow the continued violation of the Fourth Amendment of the Constitution of the United States.

COMPLAINT AND JURY DEMAND 13

41.    As a direct and proximate result of the aforementioned acts of said defendants, PLAINTIFF suffered the violation of her constitutional rights as described above. As the further actual and proximate result of the acts and omissions of said defendants, as described herein, PLAINTIFF was made to lose her freedom and liberty for the period of time indicated above, this in violation of the Fourteenth Amendment's due process guarantees. During the above referenced assault in her home, PLAINTIFF suffered personal and bodily injuries, and during said time she suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

42.    The aforementioned acts of said defendants were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## VI.

## SECOND COUNT/CAUSE OF ACTION

## FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS

## (42 U.S.C. § 1983)
## [As to CITY OF RIALTO ; DOES 1 THROUGH 5]

43.    PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

COMPLAINT AND JURY DEMAND                                                                 14

44.    This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of PLAINTIFF'S procedural and substantive due process rights.

45.    At the time and place alleged herein, ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS Does 1-5 were present at the immediate scene of the assault on PLAINTIFF.

46.    At said date and location, said defendants DOES 1 through 3 were in the position and authority to lawfully intervene in and prevent the unjustified, seizure and unwarranted sexual assault of PLAINTIFF.

47.    At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the unlawful sexual assault, intimidation, detention, and search of PLAINTIFF, and were compelled to do so as peace officers and supervisors under the laws of the State of California and under the Constitution of the United States of America.

48.    At said date and location, in deliberate indifference to PLAINTIFF'S life, health and Constitutional rights, said defendants intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from intervening in said sexual assault, intimidation and detention.

COMPLAINT AND JURY DEMAND                                                                15

49. As a result thereof, said defendants unlawfully seized, sexually assaulted, detained, and searched PLAINTIFF in violation of her rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

50. The aforementioned acts of ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS DOES 1 through 5 were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

**VII.**

**THIRD COUNT/CAUSE OF ACTION**

**SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF PLAINTIFF'S**

**CIVIL RIGHTS**

**(42 U.S.C. § 1983 4th & 14th Amendment)**

**[CITY OF RIALTO ,  DOES 4 through 10, Inclusive]**

51. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. This action is brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFF'S rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

52. On the date of PLAINTIFF'S sexual assault, defendants CITY OF RIALTO , DOES 4 through 10, inclusive, learned and became aware of the wrongful and willful

COMPLAINT AND JURY DEMAND                                                          16

attack on PLAINTIFF AND SIMILAR VICTIMS by ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS, DOES 1 through 3.

53.    Thereafter, defendants CITY OF RIALTO , DOES 4 through 10, inclusive, conducted an investigation of the assault by personally evaluating the evidence of the incident, by taking statements from the individuals involved.

54.    Said defendants were aware of the customs, practices, and propensities of their subordinates - ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS - to conduct illegal and wrongful searches, to make false arrests, to employ excessive and unnecessary force, to file false police reports in violation of P.C. §118.1, to falsify evidence and to commit perjury to conceal this misconduct, and to unlawfully and without probable cause or suspicion detain, arrest and imprison persons; including the misconduct alleged in the present complaint. Said defendants tolerated, encouraged and expressly and impliedly condoned this misconduct by consciously ignoring, turning a blind eye to and overlooking and ratifying such misconduct.

55.    Notwithstanding this knowledge, said defendants encouraged and facilitated such conduct and deliberately and leniently overlooked and ratified the misconduct of ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS by failing to discipline said officers, approving false and misleading police reports authored by said officers, and failing to recommend the investigation and criminal prosecution of said officers

COMPLAINT AND JURY DEMAND                                                                17

for their misconduct, and in the present instance failing to supervise and control ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS so as to prevent the misconduct alleged herein and by failing to train said subordinate officers in the procedures, laws and practices that would eliminate the risk of the constitutional violations alleged herein.

56.     By consciously and deliberately overlooking the repeated acts of misconduct and criminal acts by their subordinate officers, including their subordinates ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS said defendants established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers. The condoning of misconduct by said defendants was so comprehensive and well-known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and while off duty to commit crimes such as false arrests, perjury, assaults and batteries with impunity.

57.     Through their conscious disregard for the rights of the persons their subordinates would come in contact with persons, and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, said defendants were deliberately indifferent to the constitutional violations being committed by their subordinates,

COMPLAINT AND JURY DEMAND                                                          18

including ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS.  Because of their failure to act to prevent the continuing constitutional violations by their subordinates, and because of the establishment of the policies and practices described above, as well as their failure to adequately train their subordinates, said defendants are liable for the constitutional violations committed by ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS and for the damages suffered by PLAINTIFF as described herein.

## VIII.

### FOURTH COUNT/CAUSE OF ACTION

### MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS

### [As to CITY OF RIALTO , SUPERVISING OFFICER DEFENDANTS DOES 1- 5 and DOE DEFENDANTS 6 THROUGH 10]

58.    PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

59.    This action is brought pursuant to 42 U.S.C. §1983 for violation of PLAINTIFF'S rights under the Fourth and Fourteenth Amendments.

60.    On the date of PLAINTIFF'S sexual assault and unlawful detention indicated above, ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS DOE 1 through

COMPLAINT AND JURY DEMAND

3, acting within the course and scope of their duties as peace officers of the RIALTO COUNTY POLICE DEPARTMENT, and CITY OF RIALTO , deprived PLAINTIFF to be free from unreasonable seizures and unlawful arrests as delineated herein above, and thereafter in violation of PLAINTIFF'S due process rights proceeded to falsify evidence, submit false police reports and offer perjurious testimony so as to ensure that PLAINTIFF'S claims would not be disclosed.

61.    At the time of these constitutional violations by Defendants, CITY OF RIALTO , SUPERVISING OFFICER DEFENDANTS and DOE DEFENDANTS 3-10 had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their Police officer to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, to unlawfully arrest persons without probable cause.

62.    Said policies, procedures, customs and practices also called for the CITY OF RIALTO  and its POLICE DEPARTMENT not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents and complaints of  falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and wrongful conduct by officers of the RIALTO POLICE DEPARTMENT, and for the and CITY OF RIALTO  to fail to objectively and/or independently investigate or in any way deal with or respond to or

COMPLAINT AND JURY DEMAND                                                        20

the related claims and lawsuits made as a result of such attack on Plaintiff and other victims.

63.   Defendants CITY OF RIALTO , SUPERVISING OFFICER DEFENDANTS and DOE DEFENDANTS 6 THROUGH 10 were aware of and were deliberately indifferent to a pervasive and widespread pattern and practice with the RIALTO COUNTY POLICE OFFICE of concealing known instances of evidence planting, evidence tampering, perjury, falsified police reports, witness coercion, excessive force, on-duty criminal acts and on-duty acts of moral turpitude.

64.   Said policies, procedures, customs and practices called for and led to the refusal of said Defendants to investigate complaints of previous incidents of sexual assault, false and unlawful arrests, the filing of false police reports to conceal such misconduct, the falsification evidence and perjury and, instead, officially claim that such incidents were justified and proper, or completely deny said incidents' occurrence.

65.   Said policies, procedures, customs and practices called for said Defendants, by means of inaction and cover-up, to encourage an atmosphere of lawlessness within the POLICE DEPARTMENT and to encourage their Police officers to believe that improper attacks on residents of the CITY OF RIALTO  or persons present therein, including members of minority groups, the submission of false police reports, and the

COMPLAINT AND JURY DEMAND                                                  21

commission of perjury was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

66. Said policies, procedures, customs and practices of said Defendants and each of them evidenced a deliberate indifference to the violations of the constitutional rights of PLAINTIFF. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs, and practices in light of prior knowledge by said Defendants and their subordinate policymakers of indistinguishably similar incidents of unjustified and unreasonable and unlawful arrests, falsification of evidence, evidence tampering, submission of false police reports and perjury.

67. Deliberate indifference to the civil rights of victims, including Plaintiff, by the RIALTO POLICE DEPARTMENT through sexual assaults, unlawful arrests, falsified evidence, false and misleading police reports and false and perjurious testimony was also evidenced by said Defendants by their ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations, similar to those alleged herein, arising from such misconduct and the related payment of judgments to such individuals.

COMPLAINT AND JURY DEMAND                                                                 22

68.     Deliberate indifference is also evidenced by an absence of or by maintenance of an inadequate system of tort claims tracking, sexual assault tracking, and by maintaining an inadequate system of officer discipline and independent and objective investigation by the CITY OF RIALTO  and its POLICE DEPARTMENT, which failed to identify and investigate instances of false arrests, and detentions for sexual assault, falsification of evidence, submission of false police reports and perjury.

69.     Deliberate indifference to the civil rights of victims of the RIALTO POLICE's unlawful arrests and falsified evidence was also evidenced by the failure of by said Defendants to adequately train and more closely supervise or retrain officers and/or discipline or recommend prosecution of those officers who in fact improperly used such intimidation and unlawful force to perform sexual assaults and falsify evidence, submit false and misleading police reports, and/or commit perjury.

70.     Other systemic deficiencies of said Defendants which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the officers of the RIALTO POLICE DEPARTMENT include:

    a. preparation of investigative reports designed to vindicate and/or justify false and unlawful arrests;

b. preparation of investigative reports which uncritically rely solely on the word of RIALTO Police officers involved in unlawful arrests and which systematically fail to credit testimony by non-officer witnesses;

c. preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d. issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of wrongful arrests;

71.    The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendants and such caused, permitted and/or allowed under official sanction ROGER ZAMUDIO and POLICE OFFICER DEFENDANTS to be unaware of, or intentionally overlook and ignore, the rules and laws governing the probable cause requirements for arrests, the falsification of evidence or the tampering with evidence, the submission of false police reports and the commission of perjury in criminal trials. The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendants and such caused, permitted and/or allowed under official sanction said Police officer Defendants to believe that arrests are entirely within the discretion of the officer and that improper and unlawful arrests, evidence falsification, filing of false and misleading police reports, and the commission of perjury would not be objectively, thoroughly and/or properly investigated, all with

the foreseeable result that Defendants' officers would make false and unlawful arrests, and falsify evidence, submit false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this state with whom said officers would come into contact with.

72.     As the actual and proximate result of the acts and omissions of said Defendants as described wherein, PLAINTIFF and other victims lost their freedom and liberty for the period stated above in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said sexual assault, PLAINTIFF suffered personal and bodily injuries, and during said time she suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has been made to hire lawyers to defend her and medical specialists for treatment and therapy for her injuries.

73.     The aforementioned acts of ROGER ZAMUDIO and SUPERVISING OFFICER DEFENDANTS and DOE DEFENDANTS 1 THROUGH 10 were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

## IX.

## FIFTH COUNT/CAUSE OF ACTION

## SEXUAL ASSAULT

COMPLAINT AND JURY DEMAND                                                      25

**[As to ROGER ZAMUDIO and DOES 1 through 5]**

74.    PLAINTIFF re-alleges each and every paragraph in this complaint as if fully set forth here.

75.    The actions and omissions of ROGER ZAMUDIO and Does 1 through 5, directed at PLAINTIFF, as set forth above, constitute sexual assault.

76.    As a direct and proximate result of Defendant's ROGER ZAMUDIO and Does 1 through 5, sexual assault of PLAINTIFF, PLAINTIFF sustained injuries and damages, and is entitled to relief as set forth below and punitive damages against Defendant ROGER ZAMUDIO and Does 1 through 5 in his individual capacity.

77.    As a direct and proximate result of each Defendant's ROGER ZAMUDIO and Does 1 through 5, acts and/or omissions as set forth above, PLAINTIFF sustained the following injuries and damages, past and future, among others:

      a.    Hospital and medical expenses;

      b.    Violation of constitutional rights;

      c.    All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

      d.    PLAINTIFF'S conscious pain and suffering, pursuant to federal civil rights law;

//
//
//

## *PRAYER*

WHEREFORE, PLAINTIFF BEATRIZ B.  demands the following relief, jointly and severally, against the defendants named in each cause of action as follows:

a) Compensatory general and special damages in an amount in accordance with proof;

b) Exemplary damages, against each of the Police officers, supervisory and policy maker defendants - as spelled out in each cause of action, in an amount sufficient to deter and to make an example of those defendants,

c) Reasonable attorneys' fees and expenses of litigation as provided for in 42 U.S.C. §1988;

d) Costs of suit necessarily incurred herein;

e) Prejudgment interest, and

f) Such further relief as the Court deems just or proper.

DATED: 12/12/2025                    **CURD, GALINDO & SMITH, LLP**

/s/ *Alexis Galindo*
Alexis Galindo
Attorneys for Plaintiff

**JURY DEMAND**
Plaintiff hereby requests a trial by jury.

DATED:      12/12/2025                    **CURD, GALINDO & SMITH, LLP**

/s/ *Alexis Galindo*
Alexis Galindo
Attorneys for Plaintiff

COMPLAINT AND JURY DEMAND                                          27